UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KIEL STONE, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:17-CV-794-PPS-MGG |
| v. | ) |
| | ) |
| SAINT JOSEPH COUNTY BOARD OF COMMISSIONERS, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Kiel Stone, a *pro se* plaintiff, filed a complaint that seeks relief from a restraining order entered against him in state court proceedings. [DE 1.] Stone seeks to proceed with this lawsuit without paying the filing fee. [DE 2.] Because he is trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

In this case, Stone's complaint must be dismissed because this Court lacks subject matter jurisdiction over it. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the United States Supreme Court held that federal district courts lack jurisdiction to entertain appeals of the decisions of a state's highest court. The *Rooker-Feldman* doctrine has been extended to

apply to decisions of lower state courts. *See Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007). Under the doctrine, a litigant may not obtain federal court review of a state court judgment merely by recasting it as a civil rights action under 42 U.S.C. § 1983. *Id.*

Stone asserts that he is seeking a stay of the St. Joseph Circuit Court's Order After Hearing on Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee. [DE 1 at 12-16.] But what he essentially is asking me to do is vacate the restraining order and allow him to do exactly what the order restricts—contact employees of St. Joseph County and the attorneys and professionals representing St. Joseph County. Stone argues that the order violates his constitutional rights because he is unable to do such things as file a lawsuit and call St. Joseph County police. Because Stone is seeking review of a state court judgment and has merely recast it as a civil rights action, this Court is without jurisdiction to hear his claims.

Furthermore, the Anti-Injunction Act also potentially leaves this Court without jurisdiction to hear Stone's claims. The Anti-Injunction Act bars a district court from enjoining pending "proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "The Act is designed to prevent friction between state and federal courts and to protect state courts from federal interference." *Ramsden v. AgriBank, FCB*, 214 F.3d 865, 868 (7th Cir. 2000). As a result, the three exceptions to the Act are to be applied narrowly, and "[a]ny doubts as to the propriety of a federal

2

injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297 (1970). Moreover, if the requested injunction does not fall within one of the exceptions, the Act "absolutely prohibits in such an action all federal equitable intervention . . . regardless of how extraordinary the particular circumstances may be." *Mitchum v. Foster*, 407 U.S. 225, 229 (1972). Stone's request for a stay of the enforcement of portions of the St. Joseph Circuit Court's order does not fall within any of the exceptions and, as such, this Court may not intervene in the underlying state court proceedings.

ACCORDINGLY:

For all of the foregoing reasons, Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) and his motion to proceed *in forma pauperis* is **DENIED** [DE 2]. The Clerk shall treat this civil action as **TERMINATED**. All other pending motions in this action are **DENIED AS MOOT**.

**SO ORDERED**.

ENTERED: November 6, 2017.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
